<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEPHEN L. WILLIAMS, | : | **Hon. Freda L. Wolfson** |
| Petitioner, | : | Civil No. 05-4395 (FLW) |
| v. | : |  |
| JOHN NASH, | : | <u>**O P I N I O N**</u> |
| Respondent. | : |  |

**APPEARANCES:**

    STEPHEN L. WILLIAMS, #55662-066
    F.C.I. Fort Dix, PO Box 7000 West
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

    JOHN ANDREW RUYMANN, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorney for Respondents

<u>**WOLFSON**</u>, District Judge:

    Stephen L. Williams, an inmate confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") determination that he is not eligible for the early release incentive pursuant to 18 U.S.C. § 3621(e)(2)(B).  In response to an Order to Show Cause, Respondent filed a Response, accompanied by the declaration of Robert Mayer.  Having thoroughly examined the submissions of the parties, the Court dismisses the Petition.

## I.  BACKGROUND

Stephen L. Williams challenges the BOP's decision that he is not eligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) for successful completion of a program of residential substance abuse treatment.  The government opposes the Petition, arguing that Petitioner has no constitutionally protected liberty interest in early release and that he is not eligible for early release because he does not satisfy the eligibility criteria for participation in a Community Corrections Center ("CCC").  See 28 C.F.R. § 550.58(a)(1)(v); Program Statement 7310.04, ¶ 10f (Dec. 16, 1998).

The undisputed facts are as follows.  Petitioner is presently serving an aggregated 61-month sentence.  With good conduct time, his projected release date is August 5, 2006.  On June 10, 2005, Warden John Nash approved a CCC placement for Petitioner to occur on August 11, 2005.  Prior to the placement date, Robert Mayer, inmate systems manager, recommended suspension of the placement date pending clarification of information Mayer had received regarding possible criminal charges against Petitioner.

On October 18, 2005, the United States Attorney for the District of New Jersey filed an Information against Petitioner charging him with a scheme to defraud Commerce Bank, insured by the Federal Deposit Insurance Corporations, and to obtain funds by means of false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. §§ 1344 and 2.  See United States v. Williams, Crim. No. 05-746 (AET) filed Oct. 18, 2005).  On October 18, 2005, Petitioner waived prosecution by indictment.  In addition, Petitioner executed and filed an application for permission to enter a plea of guilty to Count One of the information pursuant to a plea agreement dated August 30, 2005.  Petitioner acknowledged in the application that he faced

a maximum sentence of 30 years.  On the basis of Petitioner's guilty plea, the BOP determined that Petitioner is not eligible for CCC placement.

In the instant Petition, Petitioner seeks an order directing Respondent to immediately place him in a CCC pursuant to the previous approval on June 10, 2005.  Respondent asserts that Petitioner has no constitutionally protected liberty interest in early release and that he is not eligible for early release pursuant to 28 C.F.R. 550.58(a)(1)(v) and ¶ 10f of Program Statement 7310.04  because the pending criminal charge makes him ineligible for CCC placement.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions
>
> . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner seeks not to vacate or correct his sentence, but to challenge the execution of the sentence based on the allegedly illegal determination that he is not eligible for early release. See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).  Moreover, if the BOP incorrectly determined his eligibility, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus.  Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden, 921 F.2d at 479.

B.  Standard of Review

Petitioner does not challenge the legality of the BOP's regulation which excludes from consideration for early release inmates "who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion." 28 C.F.R. § 550.58(a)(1)(v).  Nor does he dispute that inmates "with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement" do not qualify for CCC placement under Program Statement 7310.04, ¶ 10f.  In essence, the question presented in the Petition is whether the BOP's determination that Petitioner is no longer eligible for early release under 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58(a)(1)(v) was arbitrary and capricious and must be set aside under the Administrative Procedure Act.  See 5 U.S.C. § 706(2)(a); Lopez v. Davis, 531 U.S. 230, 240 (2001); Edwards v. United States, 41 F.3d 154, 156 (3d Cir. 1994).

The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).[1]  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996); see also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' ...."), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).  "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins., 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted); accord Bowman Transp., Inc. v. Arkansas-Best Freight System, 419 U.S. 281, 285 (1974).

To make this finding that agency action was not arbitrary or capricious, a court must review the administrative record that was before the agency at the time of the decision, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency."  Overton Park, 401 U.S. at 416.

Reversal of agency action is required "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply

---

[1] See Lopez, 531 U.S. at 240 (BOP may categorically exclude inmates from eligibility for early release, subject to its obligation to interpret statute in manner that is not arbitrary and capricious, see 5 U.S.C. § 706(2)(A)).

5

cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

C.  The Merits

Congress granted the BOP discretion to categorically exclude inmates from eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) for completion of a program of residential drug abuse treatment.  See Lopez, 531 U.S. at 240; 28 C.F.R. § 550.58(a)(1).  The statute provides:

> (2) Incentive for prisoners' successful completion of treatment program.--
>
> **(A) Generally.**--Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.
>
> **(B) Period of custody.**--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C.A. § 3621(e)(2).

As an exercise of its discretion, the BOP categorically excludes from eligibility for early release under § 3621(e)(2)(B) inmates "who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion." See 28 C.F.R. § 550.58(a)(1)(v); Lopez, 531 U.S. at 244.  Program Statement 7310.04, entitled

"Community Corrections Center (CCC) Utilization and Transfer Procedure," sets forth the BOP's eligibility standards for CCC placement. Specifically, it provides that inmates "in the following categories shall not ordinarily participate in CCC programs . . . [i]nmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement." Program Statement 7310.04 ¶ 10f.

The BOP's rationale for changing Petitioner's eligibility status is embodied in the declaration of Robert Mayer, inmate systems manager at FCI Fort Dix, dated October 6, 2005. Mayer avers that, after the determination on June 10, 2005, that Petitioner was eligible for CCC placement on August 11, 2005, the United States Attorney for the District of New Jersey advised him of the plea agreement dated August 30, 2005, and Petitioner's application for permission to enter a plea of guilty to bank fraud. Mayer avers that, in view of the unresolved pending charge, Petitioner is no longer eligible for CCC placement and early release.

There is no dispute that charges against Petitioner are unresolved and pending. In addition, given that Petitioner pled guilty to one count of bank fraud and he is facing a potential 30-year sentence, the evidence before the BOP rationally supports a finding that the charges were likely to lead to arrest, conviction or confinement. This Court accordingly dismisses the Petition.

### III.  CONCLUSION

The Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.


       s/Freda L. Wolfson
       FREDA L. WOLFSON, U.S.D.J.

Dated:   January 19  , 2006